MSA

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

**M-08-310**

UNITED STATES OF AMERICA

    - against -

ARIEL DE LOS ANGELES,
ORNEDYS GIRON,
WALID GIRON, and
DENNIS TORRES,

        Defendants.

- - - - - - - - - - - - - - - - -X

C O M P L A I N T

(T. 21, U.S.C., §§ 841 and 846)

EASTERN DISTRICT OF NEW YORK, SS:

       MICHAEL O'SHEA, being duly sworn, deposes and says that he is a Special Agent with Drug Enforcement Administration ("DEA"), duly appointed according to law and acting as such.

       Upon information and belief, on or about and between March 25, 2008 and March 29, 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants ARIEL DE LOS ANGELES, ORNEDYS GIRON, WALID GIRON, and DENNIS TORRES did knowingly and intentionally conspire to possess with intent to distribute cocaine, a schedule II controlled substance in violation of Title 21, United States Code, Section 841(a)(1).

       (Title 21, United States Code, Sections 841 and 846)

2

The source of your deponent's information and the grounds for his belief are as follows[1]:

1. On or about March 25, 2008, at the United States Postal Service ("USPS") facility at JFK Airport in Queens, New York, the United States Postal Inspection Service ("USPIS") discovered a package sent from Puerto Rico, with a return address of "Fong Electric Services C/28 Blog 29-3, Sierra, Baymon, Puerto Rico, 00961." Public records checks showed that there is no such business associated with the address. The package was addressed to "Ariel De Los Angeles, 1259 Croes Ave., Basement Apt., Bronx, N.Y. 10472."

2. After opening the package pursuant to a search warrant, Postal Inspectors discovered a yellow envelope, wrapped in newspaper and coffee grounds, containing a plastic-wrapped brick of a white substance. The substance field-tested positive for the presence of cocaine. The total gross weight of the cocaine was approximately 1265 grams.

3. On or about March 26, 2008, after law enforcement surveillance on 1259 Croes Avenue (or "the house"), a brick row house, an undercover Postal Inspector attempted to deliver the package. An individual, subsequently identified as ARIEL DE LOS ANGELES, answered the door and said that the package was for his

---

[1] Because the purpose of this affidavit is merely to establish probable cause, I have not set forth all of the facts and circumstances of which I am aware.

brother, who was due to return shortly. The undercover Postal Inspector said that he would return in approximately one hour to deliver the package.

4. Approximately 70 minutes later, law enforcement officials conducting surveillance saw DE LOS ANGELES drive away from 1259 Croes Avenue, and meet an individual, subsequently identified as ORNEDYS GIRON, who was driving a white Toyota Camry. After the men spoke, ORNEDYS GIRON drove to 1259 Croes Avenue and waited in his car outside the house. While ORNEDYS GIRON was watching, the undercover Postal Inspector returned and, finding no one home, left an "attempted-delivery" slip at the house, listing a telephone number that the recipient should call to have the package re-delivered. ORNEDYS GIRON then retrieved the slip from the front door of 1259 Croes Avenue.

5. ORNEDYS GIRON returned to where he had met DE LOS ANGELES, who was still there. DE LOS ANGELES entered ORNEDYS GIRON'S car, and the men drove to a pay phone, where ORNEDYS GIRON called the phone number listed on the USPS slip. He did not leave a message.

6. On March 27, 2008, an individual, claiming to be DE LOS ANGELES, called the number listed on the USPS "attempted-delivery" slip and left a message seeking delivery of the package. USPS called back and said they would attempt to deliver the package the next day.

4

7. On or about March 28, 2008, an undercover Postal Inspector delivered the package to 1259 Croes Avenue. Agents conducting surveillance saw ORNEDYS GIRON drive the white Camry to 1259 Croes Avenue. Two individuals, subsequently identified as DENNIS TORRES (a female) and WALID GIRON, also were in the car. TORRES and WALID GIRON exited the Camry and entered the address.

8. Agents and Postal Inspectors then entered 1259 Croes Avenue and arrested DE LOS ANGELES inside. After receiving Miranda warnings, DE LOS ANGELES admitted that he knew the contents of the package, that he was the intended recipient, and that he previously had received four or five similar packages.

9. Agents and Inspectors did not find any other persons inside the house. During a search of the surrounding area, agents found TORRES and WALID GIRON hiding in the bushes in a neighboring back yard, separated from 1259 Croes Avenue's back yard by a wall and a fence.

10. After receiving Miranda warnings, TORRES admitted that she entered the address to pick up the package, and that she knew what was inside it. She further admitted that she acted in concert with ORNEDYS GIRON to receive drugs contained in mailed packages.

11. After receiving Miranda warnings, WALID GIRON said that he knew DE LOS ANGELES, and that he previously had agreed to

5

receive a package for DE LOS ANGELES, but the package never arrived.

12. After observing ORNEDYS GIRON drop off TORRES and WALID GIRON, he circled the block a number of times in the car while speaking on his cell phone. Agents then attempted to stop him. ORNEDYS GIRON drove away and led DEA agents on a brief pursuit before agents blocked his passage and arrested him. At the time he was arrested, ORNEDYS GIRON was in possession of the original March 26, 2008 "attempted-delivery" slip and the cell phone that called the USPS number to arrange delivery of the package.

WHEREFORE, your deponent respectfully requests that the defendants ARIEL DE LOS ANGELES, ORNEDYS GIRON, WALID GIRON and DENNIS TORRES be dealt with according to law.

_____
Michael O'Shea
Special Agent
Drug Enforcement Administration

Sworn to before me this
29th day of March, 2008

IORELSKY
idge
:k